IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY DWAYNE MICENHEIMER,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>DEL NORTE COUNTY DISTRICT ATTORNEY'S OFFICE,<br><br>　　　　Respondent. | No. C 09-00475 JW (PR)<br><br>ORDER OF DISMISSAL WITH LEAVE TO AMEND; GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*<br><br><br>(Docket No. 2) |

Petitioner, a California prisoner currently incarcerated at Pelican Bay State Prison ("PBSP"), has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has filed a motion for leave to proceed in forma pauperis. (Docket No. 2.)

**DISCUSSION**

Petitioner asks the Court to "infer" the grounds for relief from various exhibits he attaches to the petition, including correspondence with the superior court and the Del Norte County District Attorney's Office. From these documents, the Court "infers" that petitioner seeks relief from the alleged failure of the Del Norte County District Attorney's Office to pursue criminal investigation against PBSP

Order of Dismissal with Leave to Amend; Granting IFP
P:\PRO-SE\SJ.JW\HC.08\Micenheimer00475_dwlta.wpd

1  officials for alleged criminal offenses against petitioner during his current
2  confinement.  Included among the exhibits filed with his petition are inmates appeals
3  complaining of prison officials' failure to protect and investigate threats against
4  petitioner's safety, (see, e.g., Pet. Ex. G), and several rules violation reports which
5  petitioner challenges as invalid, (see, e.g., Pet. Ex. B).  To the extent that petitioner
6  seeks injunctive relief from the Del Norte District Attorney's Office's failure to
7  investigate into criminal acts by PBSP officials, petitioner has failed that show that
8  his circumstances warrant such relief.  See Easyriders Freedom F.I.G.H.T. v.
9  Hannigan, 92 F.3d 1486, 1495 (9th Cir. 1996).

10  Furthermore, petitioner's claims against the District Attorney's Office and the
11  claims raised in petitioner's inmate appeals alleging unlawful conduct by PBSP
12  officials do not involve the fact or duration of his confinement, and therefore are not
13  the proper subject of a habeas action in federal court.  See Moran v. Sondalle, 218
14  F.3d 647, 650-52 (7th Cir. 2000 ).  Petitioner may seek relief against prison officials
15  by way of a civil rights action under 42 U.S.C. § 1983, which "provides a cause of
16  action for the 'deprivation of any rights, privileges, or immunities secured by the
17  Constitution and laws' of the United States."  Wilder v. Virginia Hosp. Ass'n, 496
18  U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source
19  of substantive rights, but merely provides a method for vindicating federal rights
20  elsewhere conferred.  See Graham v. Connor, 490 U.S. 386, 393-94 (1989).  To state
21  a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right
22  secured by the Constitution or laws of the United States was violated and (2) that the
23  alleged violation was committed by a person acting under the color of state law.  See
24  West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda County, 811 F.2d
25  1243, 1245 (9th Cir. 1987).  Accordingly, the petition will be dismissed to petitioner
26  filing a §1983 action against PBSP officials for their unconstitutional acts.  Badea v.
27  Cox, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is proper method of
28  challenging conditions of confinement); Crawford v. Bell, 599 F.2d 890, 891-92 &

Order of Dismissal with Leave to Amend; Granting IFP
P:\PRO-SE\SJ.JW\HC.08\Micenheimer00475_dwlta.wpd       2

1  n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to
2  terms and conditions of confinement must be brought in civil rights complaint).
3  Petitioner is advised that he must first have exhausted California's prison
4  administrative remedies with respect to each claim he seeks to raise in a §1983
5  complaint.  See 42 U.S.C. § 1997e(a).

6       To the extent that petitioner's claims allude to the invalidity of certain rules
7  violations reports, petitioner will be granted leave to amend to challenge a specific
8  rules violation report.  When a prisoner challenges actions which affect the legality
9  or duration of his custody, and a determination of the action may result in
10 entitlement to an earlier release, the sole remedy is a writ of habeas corpus.  See
11 Young v. Kenny, 907 F.2d 874, 876-78 ( 9th Cir. 1990).  However, petitioner must
12 first have exhausted state judicial remedies, in this case through collateral
13 proceedings, by presenting the highest state court available with a fair opportunity to
14 rule on the merits of each and every issue he seeks to raise in federal court.  See 28
15 U.S.C. § 2254(b),(c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987).  It is not
16 sufficient to raise only the facts supporting the claim; rather, "the constitutional
17 claim . . . inherent in those facts" must be brought to the attention of the state court.
18 See Picard v. Connor, 404 U.S. 270, 277 (1971).  Accordingly, petitioner is advised
19 that he may only raise claims in his amended petition which he has presented to the
20 highest state court for a fair opportunity to correct alleged violations of federal
21 rights.  See Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Gray v. Netherland, 518
22 U.S. 152, 162- 63 (1996) (characterizing Picard as requiring "reference to a specific
23 federal constitutional guarantee" in state court; presentation of facts underlying
24 claim not sufficient); Fields v. Waddington, 401 F.3d 1018, 1021 (9th Cir. 2005)
25 (general reference to federal Constitution "as a whole, without specifying an
26 applicable provision, or an underlying federal legal theory, does not suffice to
27 exhaust the federal claim").

28      Lastly, the rules governing relief under 28 U.S.C. § 2254 require a person in

Order of Dismissal with Leave to Amend; Granting IFP
P:\PRO-SE\SJ.JW\HC.08\Micenheimer00475_dwlta.wpd          3

United States District Court
For the Northern District of California

custody pursuant to the judgment of a state court to name the "'state officer having custody'" of him as the respondent. <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 894 (9th Cir. 1996) (quoting Rule 2(a) of the Rules Governing Habeas Corpus Cases Under Section § 2254). This person typically is the warden of the facility in which the petitioner is incarcerated. <u>See</u> <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994). Accordingly, the Clerk shall substitute Warden Francisco Jacquez as respondent in this action.

## CONCLUSION

For the foregoing reasons,

1. The petition is DISMISSED with leave to amend with respect to allegedly unconstitutional rules violation reports resulting in the forfeiture of good times. Petitioner must, within **thirty (30) days** of the date this order is filed, file an amended petition challenging one unconstitutional rules violation report resulting in the forfeiture of credits which he has presented to the state high court for a fair opportunity to rule on the merits. The amended petition must include the caption and civil case number used in this order, No. C 09-00475 JW (PR), and must include the words **AMENDED PETITION** on the first page.

**Failure to file a timely response in accordance with this order will result in the dismissal of this action without prejudice and without further notice to petitioner.**

2. The claims involving unconstitutional acts by PBSP officials are DISMISSED without prejudice to petitioner filing a civil rights action under 42 U.S.C. § 1983, preferably using the court's civil rights complaint form, after he has exhausted California's prison administrative remedies. <u>See</u> 42 U.S.C. § 1997e(a). Petitioner is advised that the filing fee for a § 1983 action is $350.00. If he is unable to pay the entire fee at the outset of the action, he must file an application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, which if granted permits the action to proceed with installment

payments.  See 28 U.S.C. § 1915(a), (b).

3. The Del Norte County District Attorney's Office is DISMISSED as respondent from this action.  The Clerk shall substitute Francisco Jacquez, Warden of PBSP, as respondent.

4. Petitioner's motion for leave to proceed in forma pauperis (Docket No. 2) is GRANTED.

The Clerk shall include two copies of the court's form petition and two copies of the court's form complaint with a copy of this order to petitioner.

This order terminates Docket No. 2.

DATED: June 30, 2009

JAMES WARE
United States District Judge

Order of Dismissal with Leave to Amend; Granting IFP
P:\PRO-SE\SJ.JW\HC.08\Micenheimer00475_dwlta.wpd 5

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY DWAYNE MICENHEIMER,<br><br>　　　　Petitioner,<br><br>　v.<br><br>DEL NORTE COUNTY DISTRICT<br>ATTORNEY OFFICE,<br><br>　　　　Respondent.<br>　　　　　　　　　　　　　　　　／ | Case Number: CV09-00475 JW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on ____7/13/2009____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Cory Dwayne Micenheimer K-39489
Pelican Bay State Prison
P. O. Box 7500
Crescent City, Ca 95531


Dated:　____7/13/2009____

　　　　　　　　　　　　　　　Richard W. Wieking, Clerk
　　　　　　　　　　　　　/s/ By: Elizabeth Garcia, Deputy Clerk