IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY DWAYNE MICENHEIMER, )<br>)<br>Petitioner,  )<br>)<br>vs.  )<br>)<br>)<br>FRANCISCO JACQUEZ, Warden,  )<br>)<br>Respondent.  )<br>_____)  | No. C 09-00475 JW (PR)<br><br>ORDER TO SHOW CAUSE |

Petitioner, a California prisoner currently incarcerated at Pelican Bay State Prison ("PBSP"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court dismissed the petition with leave to amend. Petitioner filed an amended petition on August 12, 2009. (Docket No. 4.)

**BACKGROUND**

Petitioner challenges a rules violation report ("RVR") dated September 28, 2007, for which he was subsequently found guilty of battery on an inmate with serious injury. (Am. Pet. Attach. at 2.) Petitioner was assessed a 360 day forfeiture of good time credits for the offense. (Id.) Petitioner alleges that he exhausted his state remedies through collateral proceedings. (Id.)

Order to Show Cause
P:\PRO-SE\SJ.JW\HC.09\Micenheimer00475_osc (rvr).wpd

## DISCUSSION

A. <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." <u>Id.</u> § 2243.

B. <u>Legal Claims</u>

Petitioner challenges the prison disciplinary hearing which found him guilty of battery on an inmate with serious injury, based on an RVR dated September 28, 2007. Petitioner was assessed a 360 day credit forfeiture for the offense. As grounds for federal habeas relief, petitioner asserts that rights were violated during the course of the prison disciplinary hearing by the following: 1) he was denied his right to present evidence; 2) the offense was based on false statements; 3) prison officials failed to properly investigate petitioner's claims; and 4) petitioner was denied his right to present a defense. Liberally construed, petitioner's allegations appear colorable under § 2254 as violations of petitioner's right to due process and merits an answer from respondent. See <u>Young v. Kenny</u>, 907 F.2d 874, 876-78 (9th Cir. 1990), cert. denied, 498 U.S. 1126 (1991).

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The clerk shall serve by certified mail a copy of this order and the amended petition, (Docket No. 4), and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

Order to Show Cause
P:\PRO-SE\SJ.JW\HC.09\Micenheimer00475_osc (rvr).wpd        2

2.       Respondent shall file with the court and serve on petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty (30) days** of his receipt of the answer.

3.       Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **thirty (30) days** of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within **fifteen (15) days** of receipt of any opposition.

4.       Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

DATED:   April 8, 2010

JAMES WARE  
United States District Judge

Order to Show Cause  
P:\PRO-SE\SJ.JW\HC.09\Micenheimer00475_osc (rvr).wpd         3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY DWAYNE MICENHEIMER,<br><br>             Petitioner,<br><br>   v.<br><br>FRANCISCO JACQUEZ, Warden,<br><br>             Respondent.                              / | Case Number: CV09-00475 JW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on   4/12/2010  , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Cory Dwayne Micenheimer K-39489
Pelican Bay State Prison
P. O. Box 7500
Crescent City, Ca 95531

Dated:   4/12/2010

                    Richard W. Wieking, Clerk
                    /s/ By: Elizabeth Garcia, Deputy Clerk